# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-11128
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 18, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

TIMOTHY J. WEIRICH,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:11-CR-204-1

Before DENNIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:*

Timothy Weirich appeals the 18-month sentence that the district court imposed upon the revocation of his supervised release, which is above the range of four to ten months indicated by the Federal Sentencing Guidelines. Weirich challenges the revocation sentence as procedurally erroneous and substantively unreasonable.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-11128

We review Weirich's preserved challenges, that the court failed to explain the above-range sentence, failed to address his mitigation mental health factor, and failed to impose a substantively reasonable sentence, under the plainly unreasonable standard. *See United States v. Warren*, 720 F.3d 321, 326 (5th Cir. 2013).  Accordingly, we must first "ensure that the district court committed no significant procedural error, such as failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence, including failing to explain a deviation from the Guidelines range." *United States v. Kippers*, 685 F.3d 491, 497 (5th Cir. 2012) (internal quotation marks omitted).  As to Weirich's unpreserved argument that the district court failed to consider the appropriate statutory sentencing factors, we review for plain error. *See id.*

There is no showing of any procedural error.  The district court explicitly considered several appropriate factors under 18 U.S.C. § 3553(a). *See United States v. Miller*, 634 F.3d 841, 843-44 (5th Cir. 2011).  These factors include the aim of deterring Weirich from future criminal behavior and the need to protect the public.  Sentencing courts need not explicitly state every factor they have considered, and may implicitly consider some factors. *See Kippers*, 685 F.3d at 498.  Further, there is no indication that any impermissible factor was a dominant reason for the sentence or that the district court ignored any appropriate factor, including Weirich's claim of a mitigating mental health factor. *See United States v. Rivera*, 784 F.3d 1012, 1017 (5th Cir. 2015); *Miller*, 634 F.3d at 844.  Also, the district court adequately explained the above-Guidelines sentence, referring specifically to the goals of deterrence and

protection of the public.  *See United States v. Fraga*, 704 F.3d 432, 437-39 (5th Cir. 2013); *United States v. Whitelaw*, 580 F.3d 256, 261-62 (5th Cir. 2009).

Finally, the district court did not give improper weight to any factor and did not clearly err in its balancing of the sentencing factors.  *See Gall v. United States*, 552 U.S. 38, 51 (2007); *Warren*, 720 F.3d at 332.  Thus, there is no showing that the district court abused its discretion or that the sentence it imposed was substantively unreasonable.  *See Miller*, 634 F.3d at 843.

For these reasons, the judgment of the district court is AFFIRMED.